**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ELADIO MONTERDE MUNOZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 25 C 13121 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| SAMUEL OLSON, Field Office Director, | ) |
| Chicago Field Office, Immigration and | ) |
| Customs Enforcement, in his official | ) |
| capacity; KRISTI NOEM, Secretary, U.S. | ) |
| Department of Homeland Security, in her | ) |
| official capacity; PAMELA BONDI, U.S. | ) |
| Attorney General, in her official capacity; | ) |
| TODD M. LYONS, Acting Director of U.S. | ) |
| Immigration and Customs Enforcement, in | ) |
| his official capacity; RODNEY S. SCOTT, | ) |
| Commissioner, U.S. Customs and Border | ) |
| Protection, in his official capacity | ) |
| | ) |
| Respondents. | ) |

## ORDER AND STATEMENT

Before the court is Eladio Monterde Munoz's (Munoz's) petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the court partially grants Munoz's petition.

Munoz, a Mexican citizen, has resided in the United States since approximately 2009. On October 24, 2025, Munoz was arrested by the U.S. Department of Homeland Security (DHS) after masked Customs and Border Patrol (CBP) and U.S. Immigration and Customs Enforcement (ICE) agents scaled the five-foot spiked perimeter fence of a private residence, without a warrant, and apprehended Munoz as he was eating lunch with other workers present. Munoz has remained in immigration detention since October 24, 2025. Munoz has been denied access to a bond hearing.

In his petition, filed on October 28, 2025,[1] Munoz claims that, by detaining him without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A), Respondents have violated the Immigration

---

[1] That day, the court ordered respondents "not to transfer [Munoz] to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin." (Dkt. 2.) Ignoring this order, the government proceeded to transfer Munoz to Louisiana, Texas, and then Ohio before transferring him to Indiana. During these transfers,

and Nationality Act (INA) and deprived him of due process. Accordingly, Munoz seeks an order granting immediate release; an emergency stay of removal and stay of issuance of a "notice to appear"; a declaration that Respondents have violated the INA and Munoz's due process rights; and an award of attorney's fees and costs under the Equal Access to Justice Act. Respondents take the position that Munoz is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Respondents also deny that the court has jurisdiction over Munoz's habeas claims and deny that, by detaining Munoz, they have violated Munoz's due process rights. Respondents further request that Munoz be required to administratively exhaust his habeas claim remedies.

The court adopts the reasoning set forth in *Ochoa Ochoa* v. *Noem*, No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025) (Jenkins, J.), *H.G.V.U.* v. *Smith*, No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2020) (Coleman, J.), *Mariano Miguel* v. *Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025) (Alonso, J.), and *G.Z.T.* v. *Smith*, No. 25 C 12802, Dkt. 14 (N.D. Ill. Oct. 21, 2025) (Ellis, J.). First, the court finds that it can exercise jurisdiction over Munoz's habeas claim because Munoz merely challenges the lawfulness of his current detention and Munoz's petition is not a collateral attack on his removal proceedings. *See Jennings* v. *Rodriguez*, 583 U.S. 281, 294 (2018) (finding that "§ 1252(b)(9) does not present a jurisdictional bar" in circumstances where a petitioner is "not asking for review of an order of removal; [he is] not challenging the decision to detain them in the first place or to seek removal; and [he is] not even challenging any part of the process by which their removability will be determined"). Second, the court finds that § 1226(a), and not § 1225(b)(2)(A), applies to Munoz's detention. Respondents' interpretation of 18 U.S.C. § 1225(b)(2)(A) violates the INA by disregarding the plain meaning of the text, disregarding its relationship with § 1226, rendering parts of § 1226 superfluous, and ignoring decades of prior statutory interpretation and practice regarding the Act. *See Alejandro* v. *Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases). Third, the court finds that Munoz's detention violates his due process rights. As a reminder, the Due Process Clause applies to citizens *and* noncitizens alike. *Kerciku* v. *I.N.S.*, 314 F.3d 913, 917 (7th Cir. 2003) (citing *Zadvydas* v. *Davis*, 533 U.S. 678 (2001)) ("It is well-settled that foreign persons in the United States are entitled to due process."). Munoz was thus entitled to the process outlined in the applicable statute, which is § 1226(a), and his detention without a bond hearing violates that process. Finally, the court finds that any exhaustion requirement for Munoz has been exhausted since any requirement to seek a bond hearing before an immigration judge and then appeal before the Board of Immigration Appeals (BIA) would be futile. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025).

Therefore, the court partially grants Munoz's petition for writ of habeas corpus pursuant to 28 U.S.C. § 224. The court orders Munoz's immediate release and further orders that respondents provide Munoz with a bond hearing within 14 days, during which respondents will

---

Munoz disappeared from the ICE detainee locator system and was unable to contact his attorney. Respondents were unable to explain where Munoz was or why he had been transferred as of the status hearing held on November 5, 2025. Respondents claim that, at some point during these transfers, Munoz requested voluntary departure. But regardless, as of this Order, Munoz has withdrawn any such request and is proceeding with his habeas petition. *See Dada* v. *Mukasey*, 554 U.S. 1, 5–6 (2008) ("[W]e conclude the alien must be permitted an opportunity to withdraw the motion for voluntary departure, provided the request is made before the departure period expires.").

have the burden of showing, by clear and convincing evidence, that Munoz poses a danger to the community or poses a flight risk such that detention is necessary. The court enjoins respondents from denying Munoz bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.[2]

Separately, the proper respondent to a noncitizen's habeas petition, such as this one, is the warden of the detention center where he is detained. *Kholyavskiy* v. *Achim*, 443 F.3d 946, 949-53 (7th Cir. 2006). But respondents have not disclosed this information to the court, as of the entry of this Order. Accordingly, respondents are ordered to inform the court no later than November 17, 2025 at 12:00 p.m. Central Standard Time, of the proper respondent for this action, whereupon the Clerk is directed to add such individual as the respondent in the case caption. Additionally, respondents are ordered to file a status report by November 18, 2025 at 12:00 p.m. Central Standard Time, confirming that Munoz has been released.

Date: November 14, 2025

_____
U.S. District Judge Joan H. Lefkow

---

[2] Regarding other forms of relief requested, Munoz may move separately, within 30 days of final judgment in this action, to recover attorney's fees and costs under the Equal Access to Justice Act. 28 U.S.C. § 2412(d); *see Kholyavskiy* v. *Schlecht*, 479 F. Supp. 2d 897, 901 (E.D. Wis. 2007) (discussing application of the EAJA to habeas actions challenging immigration-related detention).